**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RACHEL ROBERTS,**

           **Plaintiff,**

**-vs-**        **Case No. 6:10-cv-930-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

**MEMORANDUM OPINION AND ORDER**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Social Security disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

**Procedural History**

Plaintiff applied for Social Security Disability Insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, in February 2007 (R. 67-69). Her claim was denied initially and upon reconsideration (R. 37-39, 41-43). Thereafter, Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("the ALJ") (R. 22-31, 44). On October 23, 2009, the ALJ issued a decision denying Plaintiff's claim (R. 10-21). A Request for Review of a Hearing Decision was filed (R. 8), but the Appeals Council denied the request (R. 1-3), making the ALJ's determination the final decision of the Commissioner. This case is thus ripe for review under 42 U.S.C. § 405(g).[1]

---

[1] Following the filing of the Complaint for review (Doc. No. 1), the parties consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and oral argument has been waived.

**Nature of Claimed Disability**

Plaintiff claims that she was unable to work due to fibromyalgia, high blood pressure, panic attacks, anxiety, irritable bowel syndrome, and diabetes (R. 25-27, 95, 151, 164).

*Summary of Evidence Before the ALJ*

Plaintiff was 53 years old on the date of the hearing (R. 25), with a high school education and past relevant work as a cashier, teacher's assistant, and customer service representative (R. 20, 25, 95-97).

Her pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes her testimony at the administrative hearing, written forms and reports completed by Plaintiff and her husband, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that Plaintiff had the following impairments: fibromyalgia; diabetes mellitus, type II; hypertension; low back pain; allergic dermatitis; and anxiety disorder (R. 15), and the record supports this uncontested finding. The ALJ found that Plaintiff's mental impairment did not cause more than minimal limitation in her ability to perform basic mental work activities and was therefore nonsevere (R. 15), and Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 17). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567(b) (R. 18), and, through the date last insured,[2] was capable of performing past relevant work as a customer service representative and cashier, and was thus not disabled (R. 20).

---

[2]Plaintiff claims June 30, 2005, as the alleged onset date of disability (R. 67), and her date last insured was March 31, 2009 (R. 70).

**Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**Issues and Analysis**

Plaintiff raises three issues for review: 1) whether the ALJ erred in determining that Plaintiff has the residual functional capacity ("RFC") to perform light work, considering the opinions of the examining consultative physician and the non-examining State Agency reviewers; 2) whether the ALJ improperly evaluated Plaintiff's non-exertional impairment of pain; and 3) whether the ALJ erred

in evaluating Plaintiff's credibility. The Court reviews these objections in the context of the sequential evaluation used by the ALJ.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520©. Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ determined that Plaintiff had the RFC to perform light work and resolved the claim at step four by determining that Plaintiff could return to her past relevant work. Upon careful review of Plaintiff's objections, the Court finds no error.

*Substantial Evidence Supports the RFC*

Plaintiff contends that, in formulating the RFC, the ALJ "ignored" the opinions of the consultants. Plaintiff's claim was evaluated by two non-examining reviewers. Both Dr. Hankins and Ms. Schneider opined that Plaintiff was capable of performing light work and was limited to climbing, balancing, stooping, kneeling, crouching, and crawling "occasionally" (R. 189-96, 245-52), meaning "from very little up to one-third of the time." *Id*. Dr. Hankins also indicated that Plaintiff should avoid

concentrated exposure to wetness, humidity, and fumes, odors, dusts, gases, and poor ventilation (R. 249).

Far from "ignoring" these opinions, the ALJ made specific reference to them and gave them "significant weight":

> The residual functional capacity conclusions reached by the physicians employed by the State agency also supported a finding of "not disabled." Although those physicians were nonexamining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve significant weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions (as explained throughout this decision) (Exhibits 3F, 4F, 6F, and 7F).

(R. 20).

Plaintiff contends that the ALJ nonetheless erred in formulating a RFC for the full range of light work, because he did not specifically note the environmental limitations and the occasional postural limitations suggested by the examiners.

The ALJ found that Plaintiff could return to her past relevant work as a cashier/customer service representative. Even if the Court were to find that the ALJ erred in not explicitly crediting the environmental and postural limitations,[3] there is no evidence that Plaintiff's past work is precluded by these limitations. According to the Dictionary of Occupational Titles, working as a cashier/customer service representative does not require climbing, balancing, crawling or exposure to temperature extremes, humidity, loud noise, vibrations, moving machinery, or heights, and requires only occasional stooping, kneeling, and crouching. *See* U.S. Dep't of Labor, Dictionary of

---

[3]The Court does not so find. Nothing requires the ALJ to adopt the entirety of every piece of evidence. The task of the ALJ is to *consider* all of the evidence, evaluate the opinions, formulate the RFC based on that evaluation, and set forth a rationale sufficient for the Court to conclude that all of the evidence was considered. *See Dyer v. Barnhart,* 395 F. 3d 1206, 1211 (11th Cir. 2005) (noting that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is "not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole." [internal quotation omitted]).

Occupational Titles (4th ed. 1991) (DOT) No. 211.462-014, 1991 WL 671841 (1991). Plaintiff has not carried her burden of establishing otherwise.

Plaintiff also contends that the opinion of the examining psychologist was "ignored." As acknowledged by Plaintiff, the ALJ set forth the examination performed by the consultative examiner, in detail:

> On April 9, 2007, Nancy Hinkeldey, Ph.D., performed a consultative psychological evaluation with mental status for complaints of fibromyalgia, diabetes, anxiety, panic and depression. Record review included medical progress noted indicating history of insulin resistance, allergies, hypertension, sleep apnea, irritable bowel syndrome, anxiety/depression, fibromyalgia, hypothyroidism, and low back pain. She reported high stress, anxiety and panic attacks but no depression. Medication regimen included Lexapro, Diac, Clonidine, Darvocet, Aspirin, Xanax and Atacand. She reported that she used to be an outgoing person and quite social. However, now she does not go out unless she has to. She goes to church, occasionally. She stated that she gets out of the house twice a week. Diagnosis was panic disorder without agoraphobia; pain disorder associated with both psychological factors and a general medical condition; and depressive disorder, not otherwise specified. She does some tasks at home, "in stages." She drives and is able to care for her own hygiene but has difficulty with bathing. Her social functioning appears reduced. She does socialize with "church people." Her social functioning is affected by depression, anxiety and chronic pain. Her functional ability appears marginal to poor. She might experience little improvement and her conditions appear chronic (Exhibit 2F).

(R. 15-16).

Plaintiff contends that the ALJ erred in failing to indicate the weight assigned to Dr. Hinkeldey's opinion regarding Plaintiff's "functional ability as marginal to poor and her social functioning as reduced." (Brief at p. 9). Contending that the ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefore," *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987), Plaintiff argues that the ALJ's failure to explicitly do so here warrants reversal.

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the

nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, *supra*). Thus: "when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel*, 631 F3d. at 1179, *citing Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir.1984) (per curiam). A review of the decision here, however, shows that the ALJ set forth the grounds for his conclusions with great detail.

In this circuit, "where a claimant has presented a colorable claim of mental impairment, the Social Security Regulations require the ALJ to complete a [Psychiatric Review Technique Form], append it to the decision, or incorporate its mode of analysis into his findings and conclusions." *Moore v. Barnhart,* 405 F.3d 1208, 1214 (11th Cir. 2005). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. *Id.* at 1213-14, citing 20 C.F.R. § 404.1520a-(c)(3-4). The ALJ is required to incorporate the results of this technique into the findings and conclusions. 20 C.F.R. § 404.1520a-(e)(2). Failure to do so requires remand. *Id.* at 1214. Here, as required, the ALJ fully evaluated Plaintiff's alleged mental impairment, and found it to be non-severe (R. 15-17). As part of that evaluation, the ALJ made explicit findings of only mild limitations in Plaintiff's social and daily functioning (R. 16).[4]

---

[4] The ALJ stated: "The first functional area is activities of daily living. In this area, the claimant had mild limitation. The claimant is able to take care of personal hygiene needs, independently. She does light household chores including light cooking; laundry, sweeping, do the dishes, make the bed, pick up things, and fill the birdbath. Sometimes her husband has to vacuum, mop, lift heavier items, bring in the groceries but otherwise she is able to perform these tasks. She goes shopping in stores for food, clothes, gifts, and household items every week for approximately two hours. She also shops for the above items

The ALJ stated:

> The first functional area is activities of daily living. In this area, the claimant had mild limitation. The claimant is able to take care of personal hygiene needs, independently. She does light household chores including light cooking; laundry, sweeping, do the dishes, make the bed, pick up things, and fill the birdbath. Sometimes her husband has to vacuum, mop, lift heavier items, bring in the groceries but otherwise she is able to perform these tasks. She goes shopping in stores for food, clothes, gifts, and household items every week for approximately two hours. She also shops for the above items by phone and mail. She occasionally baby-sits for her grandson. She enjoys going to yard sales, reading, watching television and playing solitaire on the computer (Exhibits 2E, 5E and 6E).
>
> The next functional area is social functioning. In this area, the claimant had mild limitation. Her and her husband visit with friends and attend church together. She frequently eats out with friends; goes to family functions; and visits with friends in their homes. She talks on the phone to family and friends. She is able to go outside two to three times a week. She reported that she gets along "great" with authority figures (Exhibits 2E, 5E and 6E).

(R. 16). Those findings are supported by substantial record evidence, including the mental status examination performed by Dr. Hinkeldey.[5]

Unlike treating physicians' opinions, non-treating examining doctors' opinions are not entitled to special deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir.1987). As a general rule, a treating physician's opinion is normally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2). Here, Plaintiff's treating physicians regularly noted that Plaintiff was alert and fully oriented and her mood and affect were normal (R. 212-30, 256-92), and Plaintiff and her doctor noted that her anxiety

---

by phone and mail. She occasionally baby-sits for her grandson. She enjoys going to yard sales, reading, watching television and playing solitaire on the computer (Exhibits 2E, 5E and 6E).
The next functional area is social functioning. In this area, the claimant had mild limitation. Her and her husband visit with friends and attend church together. She frequently eats out with friends; goes to family functions; and visits with friends in their homes. She talks on the phone to family and friends. She is able to go outside two to three times a week. She reported that she gets along "great" with authority figures (Exhibits 2E, 5E and 6E)." (R. 16).

[5] Dr. Hinkeldey's notes indicate that Plaintiff was adequately oriented; her attention and concentration were adequate; memory for recent and remote events was intact, though Plaintiff used lists to facilitate recall; and her judgment, insight, and intellect were normal (R. 186). Moreover, contrary to her conclusion regarding social functioning, Dr. Hinkeldey noted that Plaintiff socialized with her church and regularly "gets out of the house."

medication was helping (R. 183, 184, 27, 186). The ALJ gave "great weight" to the treating physician's opinions (R. 18).[6]

As the ALJ set forth the opinion of the consultant, evaluated it in the context of the complete record, and set forth findings with respect to Plaintiff's mental impairment which are fully supported by substantial evidence, his conclusions will not be disturbed.

*The Pain Standard and Credibility*

Plaintiff next contends that the ALJ improperly evaluated Plaintiff's credible complaints of pain and limitations from her fibromyalgia. When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991).

Here, Plaintiff asserts that the ALJ erred by improperly evaluating the non-exertional impairment of pain in that "substantial evidence shows the claimant suffered from pain caused by a severe and significant impairment, fibromyalgia, which could reasonably be expected to cause the alleged pain." According to Plaintiff:

> Individuals with fibromyalgia face symptoms such as "pain all over," fatigue, disturbed sleep, stiffness, and multiple tender points throughout the body. *Sarchet*, 78 F.3d at 306. Thus, for those reasons, the Eleventh Circuit has concluded that "a treating physician's determination that a patient is disabled due to fibromyalgia is even more valuable because there are no objective signs of severity and the physician must interpret the data for the reader." *Stewart v. Apfel*, No. 99-6132, 245 F.3d 793, 2000 WL 33125958, 2000 U.S.App. LEXIS 33214 (11th Cir. Dec. 20, 2000). Thus, according to *Stewart*, the ALJ errs a matter of law in failing to provide any explanation for his rejection that the claimant suffered from fibromyalgia. *Id.*

---

[6]The ALJ noted that no doctor had opined that she was disabled (R. 17) and further noted, in detail, that the treatment she had received was essentially routine and conservative in nature (R. 19).

(Brief at p. 12-13).

While the Court agrees with this interpretation of *Stewart*, it is not persuasive here. As noted by the ALJ, no treating physician has determined that Plaintiff was disabled, from fibromyalgia or anything else (R. 20). Indeed, treatment notes reflect that Plaintiff asked her practitioner "for a disability parking permit" but the provider refused, noting that she did not qualify for it (R. 291). Moreover, the ALJ did not "reject" Plaintiff's claim that she had fibromyalgia. Rather, he found it to be a severe impairment, and evaluated it pursuant to the pain standard, finding that the "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 19). Thus, the ALJ found that Plaintiff met prong one of the standard, in that she had a condition that could cause pain and limitations, but she did not meet either prong two or three her condition, as the severity of the pain or the condition was not to the extent alleged. If substantial evidence supports this finding, no error is present.[7] Plaintiff asserts that such is not the case, as her credibility was improperly evaluated.

"If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the

---

[7] Plaintiff's argument that the ALJ's finding that her impairment "could have been reasonably expected to produce the alleged symptoms" meets prongs one and three of the pain standard ignores the rest of the ALJ's sentence and is just wrong. The issue is not whether Plaintiff's condition causes pain or limitations; both prongs two and three require a showing of the severity.

-10-

reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Applied here, Plaintiff argues that the ALJ should have credited her testimony because the doctors did not indicate that she was exaggerating her symptoms and her participation in everyday activities such as cooking, shopping, television and computer games, does not disqualify her from disability. *See Lewis v. Callahan*, 125 F. 3d 1436, 1441 (11th Cir. 1997). The issue is not whether there exists some evidence to support Plaintiff's allegations. The issue is whether the ALJ adequately articulated a rationale for discrediting Plaintiff's assertions of disability, and whether that rationale is supported by substantial evidence.

As set forth in detail in the decision, the ALJ provided several bases for his credibility finding, including Plaintiff's activities, noncompliance with physicians' recommendations, as well as objective medical evidence (R. 18-20). The ALJ determined that Plaintiff's reports of daily activities (including cooking, shopping, babysitting her grandson and engaging in a "fairly active social life" of going to yard sales and out visiting with family members and friends) were inconsistent with her allegations of disabling pain and limitations (R. 19). The ALJ also noted that the medical treatment records do not support limitations greater than determined in the RFC (R. 19). As summarized in the decision, Plaintiff's treatment was routine and conservative, without hospitalizations or significant findings of limitations, and "fails to show such a marked diminished range of motion, muscle atrophy, neurological or sensory deficits, or consistent use of an assistive device for ambulating, as would accompany the alleged disability." R. 19). Despite Plaintiff's allegations of functional limitations,[8] the ALJ noted that Plaintiff had been repeatedly urged to exercise by her doctors,[9] who noted that a

---

[8] Plaintiff testified that she "can't stand" and "can't walk more than just a few minutes." R. 29).

[9] *See* e.g., R. 214, 223-24, 262, 264, 275, 282, 289.

diet and exercise program "would be the most beneficial for her." R. 19, 182-183, see also 228). The ALJ noted that when Plaintiff is compliant with her medication regimen, it is relatively effective in controlling her symptoms R. 19). All of these findings have substantial record support.

Courts "have affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment." *Carter v. Commissioner of Social Sec.,* 2011 WL 292255, 2 (11th Cir. 2011) (unpublished), *citing Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002). The ALJ adequately set forth a reasoned rationale with specific record citation that supports the credibility findings.

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff had challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 11, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record